MODIFY and AFFIRM; Opinion issued January 14, 2013.



In The

# Court of Appeals

# Fifth District of Texas at Dallas

No. 05-12-00434-CR
No. 05-12-00435-CR

**BOBBY CARL JESSIE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court**
**Dallas County, Texas**
**Trial Court Cause No. F11-62520-H, F11-62521-H**

# MEMORANDUM OPINION

Before Justices Lang-Miers, Myers, and Lewis
Opinion by Justice Lewis

Bobby Carl Jessie appeals from his two convictions for theft. In three issues, appellant contends the evidence is legally insufficient to show he committed theft of a motor vehicle, and the judgments should be modified to correct several errors. We modify the trial court's judgments and affirm as modified. The background of these cases and the evidence admitted at trial are well known to the parties, and we therefore limit recitation of the facts. We issue this memorandum opinion pursuant to Texas Rule of Appellate Procedure 47.4 because the law to be applied in the case is well settled.

BACKGROUND AND EVIDENCE PRESENTED

In cause no. 05-12-00434-CR, appellant waived a jury, pleaded guilty to theft of property valued less than $1,500 and enhanced by two prior theft convictions, and pleaded true to two enhancement paragraphs. *See* TEX. PENAL CODE ANN. § 31.03(a), (e)(4)(D) (West Supp. 2012). In cause no. 05-12-00435-CR, appellant waived a jury, pleaded not guilty to theft of a motor vehicle valued at $1,500 or more but less than $20,000. *See id.* § 31.03(a), (e)(4)(A). During the trial, Laura Enterline testified someone took her Coach purse and iPhone from her office at Manheim Auto Auction. On that same date, someone drove a 2010 Cobalt off the Auction's lot without authorization. Enterline testified she used the tracking feature on her phone to guide a police officer to its location. The officer tracked the vehicle and retrieved Enterline's purse and phone.

Officer Mike Arnold testified that while working off-duty at the Auction, he was informed someone took Enterline's purse, and she was using the tracking feature on the phone to locate the purse. Arnold followed the directions given him by Enterline and found the purse and phone inside a 2010 Cobalt stopped in the driveway of a house. Arnold testified appellant was in the driver's seat and a woman was in the front passenger seat. Arnold found a plastic bag on the floorboard in the front passenger seat that contained Enterline's phone, wallet, and other personal items; he found Enterline's purse behind the driver's seat. Arnold testified that at the scene, appellant said he had bought the purse for twenty dollars and the phone for thirty dollars at a gas station recently. At that time, Arnold learned the vehicle appellant was driving belonged to the Auction, and no one had given appellant permission to drive it off the lot.

Detective Maria Torres testified that when she interviewed appellant about the purse theft, he admitted he took the purse and was planning to sell the phone to his brother. Appellant

said he worked for the Auction "a long time ago." Appellant said he had an "online chat" with someone from the Auction about purchasing a car for $500. He was to meet that person at the Auction for the car. Torres testified appellant also stated he never gave anyone any money for the Cobalt, nor did he receive any paperwork for the vehicle.

During appellant's testimony, he admitted stealing the purse and phone, but denied stealing the vehicle. Appellant testified he went to the Auction to buy a car and at no time did he intend to take the car without paying for it. Appellant said he went inside the Auction to use the computer. He saw the purse and took it, and then he went to the front of the building and met a man in the parking lot who gave him the vehicle. The man said someone would contact appellant in a short while to give him the paperwork on the car. Appellant testified he did not think the vehicle was stolen and he assumed the man who gave him the vehicle was authorized to do so. During cross-examination, appellant admitted he had past convictions for stealing cars.

The trial court found appellant guilty and passed the case for a presentence investigation report. During the punishment hearing, appellant pleaded true to two enhancement paragraphs contained in each indictment. The trial court found the enhancement paragraphs true and assessed punishment at ten years' imprisonment in each case.

INSUFFICIENT EVIDENCE

In his first issue, appellant contends the evidence is legally insufficient to show he committed theft of a motor vehicle because (1) he did not know the vehicle was sold to him by someone who stole the vehicle, and (2) he offered an explanation for his recent possession of stolen property at the time of his arrest. The State responds that the evidence is sufficient to show appellant committed both thefts.

In reviewing a challenge to the sufficiency of the evidence, we examine all the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Lucio v. State*, 351 S.W.3d 878, 894–95 (Tex. Crim. App. 2011); *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (plurality op.). We are required to defer to the fact finder's credibility and weight determinations because the fact finder is the sole judge of the witnesses' credibility and the weight to be given their testimony. *See Jackson*, 443 U.S. at 326.

The State was required to prove, beyond a reasonable doubt, that appellant unlawfully appropriated a motor vehicle without the owner's effective consent and with intent to deprive the owner of the property. *See* TEX. PENAL CODE ANN. § 31.03(a), (e)(4)(A). The evidence presented shows appellant entered the Auction's business, stole Enterline's purse and phone, and then he drove a motor vehicle from the Auction's lot. When Officer Arnold stopped the vehicle, appellant was in the driver's seat. Arnold retrieved Enterline's purse and phone from the vehicle, and then returned the vehicle to the Auction. Although appellant said he obtained the motor vehicle from a man he believed was authorized to give him the vehicle, it was the trial judge's role, as the fact-finder in this case, to reconcile any conflicts in the evidence. *See Swearingen v. State*, 101 S.W.3d 89, 97 (Tex. Crim. App. 2003). The trial judge was free to accept or reject any and all of the evidence presented by either side. *See Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999).

Viewing the evidence in the light most favorable to the verdict, we conclude a rational trier of fact could have found, beyond a reasonable doubt, that appellant appropriated the motor vehicle without the Auction's effective consent and with the intent to deprive the owner of the

-4-

property. *Lucio*, 351 S.W.3d at 894–95; *Brooks*, 323 S.W.3d at 895. Thus, the evidence is sufficient to support the conviction. We resolve appellant's first issue against him.

MODIFY JUDGMENTS

In his second and third issues, appellant asks this court to modify the written judgments to correctly reflect the offense date, appellant's plea to the offense, that there were no plea bargain agreements, and that appellant pleaded true to the two enhancement paragraphs and the trial court found the paragraphs to be true. The State agrees to the requested modifications.

The record shows the offenses occurred on November 30, 2011, appellant pleaded true to two enhancement paragraphs contained in each indictment and the trial court found both enhancement paragraphs true in each case, and there were no plea agreements in the cases. The judgments incorrectly recite the offense date, terms of plea bargain agreements, and pleas to the enhancement paragraphs. We sustain appellant's second and third issue.

In cause no. 05-12-00434-CR, we modify the trial court's judgment to show (1) the date of offense is "11/30/2011;" (2) there are no terms of plea bargain; (3) the pleas to the first and second enhancement paragraphs are true; and (4) the findings on the first and second enhancement paragraphs are true. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). In cause no. 05-12-00435-CR, we modify the judgment to show (1) the plea to the offense is not guilty; (2) there are no terms of plea bargain; (3) the plea to the first enhancement paragraph is true; and (4) the findings on the first and second enhancement paragraphs are true.

As modified, we affirm the trial court's judgments.


_____

DAVID LEWIS

JUSTICE


Do Not Publish

TEX. R. APP. P. 47

120434F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BOBBY CARL JESSIE, Appellant

No. 05-12-00434-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court of Dallas County, Texas (Tr.Ct.No. F11-62520-H).
Opinion delivered by Justice Lewis, Justices Lang-Miers and Myers participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** as follows:

The section entitled "Date of Offense" is modified to show "11/30/2011."

The section entitled "Terms of Plea Bargain" is modified to show "None."

The section entitled "Plea to 1st Paragraph" is modified to show "True."

The section entitled "Findings on 1st Paragraph" is modified to show "True."

The section entitled "Findings on 2nd Paragraph" is modified to show "True."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered January 14, 2013.

DAVID LEWIS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BOBBY CARL JESSIE, Appellant

No. 05-12-00435-CR    V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court of Dallas County, Texas (Tr.Ct.No. F11-62521-H).

Opinion delivered by Justice Lewis, Justices Lang-Miers and Myers participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** as follows:

The section entitled "Plea to Offense" is modified to show "Not Guilty."

The section entitled "Terms of Plea Bargain" is modified to show "None."

The section entitled "Plea to 1st Paragraph" is modified to show "True."

The section entitled "Findings on 1st Paragraph" is modified to show "True."

The section entitled "Findings on 2nd Paragraph" is modified to show "True."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered January 14, 2013.

DAVID LEWIS
JUSTICE